# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                          **Case No.  6:07-cr-103-Orl-31KRS**

**CHRISTOPHER GEORGE BENNETT (#6)**
**WALLACE RAY SMITH (#7)**

_____

## ORDER

On May 29th, 2008 this Court sentenced Christopher Bennett and Wallace Smith to the 10-year

mandatory minimum sentence proscribed by 21 U.S.C. § 841(b)(1)(A). Shortly thereafter, this Court

realized that it had mistakenly conflated the provisions of § 841(b) with those of § 841(a), which led

to the erroneous conclusion that the jury's determination of the amount of contraband involved was

unassailable at this stage of the proceeding. This Court, therefore issued an Order on May 30, 2008,

indicating that it would reconsider the sentences at a hearing on June 3, 2008. (Doc. 307)

## I. Background

The trial of these two defendants was held in November of 2007. At the close of the evidence,

both defendants moved for judgment of acquittal pursuant to Rule 29 (Docs. 200 and 201), which this

Court took under advisement. (*See* Doc. 203). The jury returned a verdict finding both defendants

guilty of conspiracy to distribute and possess with intent to distribute a detectable amount of marijuana

in violation of 21 U.S.C. § 846 and assessed the amount at 1,000 kilograms or more. (*See* Doc. 208).

After carefully considering defendants' Rule 29 motions and post-trial briefs, this Court held that there

was sufficient evidence from which a jury could reasonably conclude that the defendants were aware

that illegal contraband was being transported. (*See, e.g.,* Doc. 235 at 3). The motions for judgment of acquittal were therefore denied.

On May 29, 2008, this Court held sentencing hearings for both defendants. At Smith's hearing his counsel objected to the application of a 10 year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) because the government had failed to prove that Smith could be held responsible for 1,000 kilograms of marijuana. The Government seemed to concede that there was no evidence presented that either of these defendants were involved in the conspiracy beyond transporting a single load of approximately 300 kilograms of marijuana.[1] However, the Government maintained that this Court was bound by the jury's verdict, which found that the defendants were responsible for 1,000 kg or more or marijuana. (*See* Doc. 208 at 1). At the May 29th hearing, this Court reluctantly accepted the Government's argument and did not consider whether the evidence supported the 1,000 kg threshold for application of the 10-year mandatory minimum sentence. Because the failure to consider this issue appeared to be legally flawed, the Court immediately issued its Order scheduling the June 3rd hearing.

On June 2, 2008 the Government submitted an amended sentencing memorandum (Doc. 308) in which it argued that this Court did not have jurisdiction to correct these sentences under Rule 35(a), and even if it did, that there was sufficient evidence to support the jury's decision that the Defendants were responsible for 1,000 kg or more of marijuana. (Doc. 308 at 6).

---

[1]This weight would have resulted in a mandatory minimum of 5 years rather than 10 years. *See* 21 U.S.C. § 841(b)(1)(B).

**I. Rule 35(a)**

Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

The Criminal Rules Advisory Committee explained that what it meant by "clear error" was "acknowledged and obvious errors in sentencing." Fed. R. Crim. P. 35 advisory committee's notes (1991). The committee went on to add:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action . . . . The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. . . .
>
> . . . .
>
> Rule 35(c) provides an efficient and prompt method for correcting obvious technical errors that are called to the court's attention immediately after sentencing.

*United States v. Lett*, 483 F.3d 782, 787-788 (11th Cir. 2007). The Eleventh Circuit has "trace[d] out the boundaries of a narrow corrective power limited in scope to those obvious errors that result in an illegal sentence or that are sufficiently clear that they would, as the committee notes specify, almost certainly result in a remand of the case to the trial court for further action." *Id*. at 788 (internal citation omitted).

The Government argues that this court did not commit clear error and therefore does not have jurisdiction to correct these sentences under Rule 35(a). In support of this argument the Government cites to *Lett,* which is easily distinguished from this case. In *Lett,*

> the district court changed its mind about the applicability of a safety valve provision to the defendant and the Eleventh Circuit found that the district court did not sentence Lett under the wrong guideline, as in *Yost*; it did not impose a sentence different from the one in the plea

agreement, as in *Rico;* and it did not impose a sentence that was illegal under the applicable guidelines and statutory provisions, as in *Cook*.

At most, the district court misunderstood the breadth of its discretion under the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, read in light of the *Booker* decision, causing the court to impose a sentence higher than it would have had it correctly gauged the law. Even so, the sentence the court did impose was plainly permissible under the guidelines and applicable statutes. We say "at most," because it is not clear that the district court's initial understanding of the scope of its discretion was mistaken. It is not obvious that the *Booker* decision eviscerated mandatory minimum sentences in every case where the defendant meets the five criteria for safety valve treatment, including those in which the advisory guideline range is above the mandatory minimum.

*Lett*, 483 F.3d at 788-89.

Here, it is without question that a defendant cannot be subject to a 10-year mandatory minimum sentence under § 841(b) unless the Government proves beyond a reasonable doubt that Defendant is responsible for 1,000 kg or more of marijuana See United States v. Rogers, 228 F.3d 1318, 1327 (11th Cir. 2000). Therefore, the failure of this Court to consider the evidence relating to the amount of marijuana attributable to these defendants was a clear error, and this Court has jurisdiction under Rule 35(a) to correct that error.

## II. Evidence of the Amount of Marijuana

"[A] member of a drug conspiracy is liable for his own acts and the acts of others in furtherance of the activity that the defendant agreed to undertake and that are reasonably foreseeable in connection with that activity." *United States v. Ismond*, 993 F.2d 1498, 1499 (11th Cir. 1993). The evidence presented at the trial of these defendants was limited to a single trip: bringing 310.26 kilograms of marijuana from Texas to Florida and attempting to transport money back to Texas which was payment for 200.22 kilograms of marijuana. The Government presented no evidence at trial to support its argument that the transport or sale of additional amounts of marijuana would have been

reasonably foreseeable to these defendants.[2] Therefore, the Court finds that Bennett and Smith cannot be subject to the 10-year mandatory minimum provision of § 841 (b)(1)(A) because the Government failed to meet its burden of proving Defendants' accountability for the 1,000 kg threshold.

**III. Sentencing Guidelines & Factors**

Based on this Court's finding that the defendants were responsible for 510.48 kg of marijuana, their base scores are 28-I. For the reasons stated at the hearings on May 29th and June 3rd, this Court then subtracted two levels for their minor roles and added two levels for obstruction of justice, resulting in a final score of 28-I. This results in an advisory guidelines range of 78-97 months incarceration. Upon consideration of the § 3553(a) factors, and for the reasons stated during the sentencing proceedings, this Court finds that a sentence of 72 months is sufficient but not greater than necessary to accomplish the statutory objectives.[3] Judgment will be entered accordingly.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 4, 2008.

Copies furnished to:

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
CHRISTOPHER GEORGE BENNETT (#6)
WALLACE RAY SMITH (#7)

---

[2]In its memorandum and argument, the government proffers numerous "facts" in support of its contention that Defendants should be held statutorily accountable for 1,000 kg. of marijuana. However, these facts were not presented at trial and, therefore, are not pertinent to the Court's determination of this issue.

[3]While not necessarily applicable, this sentence also exceeds the 5-year mandatory minimum sentence provided by § 841(b)(1)(B).